IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELTRESS A. HAVERLY, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:20-cv-04206 |
| GIRLING COMMUNITY CARE KINDRED, | § § § § | |
| *Defendant.* | § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants Girling Health Care, Inc.,[1] Betty Bethea, Steven Morrison and Jesse Howard, by and through their undersigned counsel, submit this Motion to Dismiss Plaintiff's Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   STATEMENT OF THE ISSUES

1. Whether dismissal of Plaintiff's Title VII, ADA and ADEA claims is proper where Plaintiff failed to exhaust her administrative remedies;

2. Whether the individual defendants can be held liable under Title VII, the ADA or ADEA; and

3. Whether Plaintiff's FMLA claim is barred by limitations.

### II.   SUMMARY OF THE ARGUMENT

Plaintiff Deltress A. Haverly's ("Plaintiff") Title VII, ADA and ADEA claims should be dismissed with prejudice because her complaint, removed from the 127th Judicial District Court of Harris County, Texas, to this Court, fails to state a claim for which relief can be granted. Specifically, Plaintiff failed to exhaust her administrative remedies prior to filing this action.

---

[1] Improperly identified by Plaintiff as Girling Community Care Kindred.

Further, the Court should dismiss the individual Defendants Betty Bethea, Steven Morrison and Jesse Howard because they are not subject to personal liability under Title VII, the ADA or the ADEA. Finally, Plaintiff's FMLA claim must be dismissed because it is barred by limitations.

### III.    BACKGROUND

Defendant Girling Healthcare, Inc. ("Girling") provides senior community care services in Texas and Oklahoma. Plaintiff began working as a care attendant at Girling's Bellaire, Texas facility on January 7, 1996. At the time of her April 14, 2017 termination, she worked as a care coordinator supervisor. On July 31, 2020—more than three years after her separation from Girling—Plaintiff filed a charge of race discrimination and retaliation. **Exhibit A**. On September 14, 2020, the EEOC dismissed her charge as untimely. **ECF Doc. 1-2 at 30**.

Plaintiff next filed this *pro se* suit against not only Girling, but also three of its individual employees—Betty Bethea, Steven Morrison and Jesse Howard—asserting discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§621 to 634 ("ADEA"), and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"). **ECF Doc. 1-2 at 3-5.** She also asserted, for the first time, that Defendants terminated her employment in violation of the Family Medical and Leave Act ("FMLA"). **ECF Doc. 1-2 at 6**.

Plaintiff did not attach to her complaint a copy of the charge she filed July 31, 2020, alleging racial discrimination and retaliation. **Exhibit A.** Rather, her complaint merely states that "[i]t is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on 5-8-2017." **ECF Doc. 1-2 at 8.** Instead, attached to her Complaint is an

2

EEOC intake questionnaire[2] alleging only "retaliation" with no additional factual detail or identification of which protected characteristic formed the basis of any such discrimination. **ECF Doc. 1-2 at 23-26**.

## IV.    LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 U.S. Dist. LEXIS 65491, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). It remains that a plaintiff bears the burden to plead and ultimately prove administrative exhaustion. Where a plaintiff fails to do so, dismissal under Rule 12(b)(6) is appropriate.

---

[2] The intake questionnaire is signed and dated by Plaintiff May 8, 2017 and appears to be date-stamped by the EEOC May 31, 2017.

## V. ARGUMENT AND AUTHORITIES

### A. Dismissal of Plaintiff's Title VII, ADA and ADEA claims is appropriate for failure to exhaust her administrative remedies.

Plaintiff's Title VII, ADA and ADEA claims should be dismissed because she failed to exhaust her administrative remedies before filing suit. Exhaustion of administrative remedies is a prerequisite to filing suit under Title VII, the ADEA or the ADA. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002) (Title VII claim); *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 595 (5th Cir. 1981) (*en banc*) (ADEA claim); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA claim).

#### 1. *Plaintiff failed to timely file a charge of discrimination with the EEOC.*

Before filing a civil action for discrimination under Title VII, the ADEA or ADA, a plaintiff must exhaust administrative remedies, which include filing a charge of discrimination with the EEOC within 300 days after an alleged violation occurred. *Julian v. City of Houston*, 314 F.3d 721, 726 (5th Cir. 2002); *Taylor v. United Parcel Servs.*, 554 F.3d 510, 521 (5th Cir. 2008); 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII and ADA).

Here, Plaintiff did not file her charge with the EEOC until July 31, 2020. **Exhibit A.** Therein, she states that both the earliest and last day of the discrimination occurred April 14, 2017. *Id.* Plaintiff was therefore required to file the charge no later than February 8, 2018. The EEOC dismissed her charge, stating: "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." **ECF Doc. 1-2 at 30.** Because Plaintiff failed to timely file her charge with the EEOC, her Title VII, ADA and ADEA claims must be dismissed in their entirety.

#### 2. *Plaintiff's charge lacks adequate factual basis of discrimination.*

Even assuming, *arguendo*, that Plaintiff's charge was timely filed, it still fails to exhaust

her administrative remedies, because it fails to contain an adequate factual basis of the discriminatory acts. The charge generally alleges racial discrimination and retaliation but makes no mention whatsoever of age or disability discrimination. **Exhibit A.** While the Fifth Circuit construes employment discrimination charges liberally, the charge must still contain adequate factual basis so that "it puts the employer on notice of the existence and nature of the charges and so the EEOC may have an opportunity to attempt to obtain voluntary compliance." *Preston v. Tex. Dep't of Family & Protective Servs.*, 222 F. App'x 353, 356-57 (5th Cir. 2007). Therefore, at a minimum, Plaintiff's disability and age discrimination claims must be dismissed because they are not even referenced in the charge. *See Hinga v. MIC Grp., LLC*, No. CIV.A. H-13-414, 2013 U.S. Dist. LEXIS 83409, 2013 WL 2919543, at *2 (S.D. Tex. June 13, 2013) (dismissing claims not referenced in the plaintiff's EEOC charge).

### *3. Plaintiff's intake questionnaire is insufficient to qualify as a timely-filed charge.*

Finally, even if Plaintiff's attempts to rely upon the EEOC intake questionnaire as evidence of a timely-filed charge, such nevertheless fails to exhaust her administrative remedies. **ECF Doc. 1-2 at 23-24**. To qualify as a charge, an intake questionnaire must satisfy the EEOC charge filing requirements and must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights. *EEOC v. Vantage Energy Servs., I*nc., 954 F.3d 749, 753 (5th Cir. 2020) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). Importantly, an intake questionnaire that does not include a clear and concise statement of the facts constituting the instances of discriminatory conduct, as required by 29 C.F.R. § 1626.8, fails to constitute a timely charge. *Melgar v. T.B. Butler Publ'g Co*., 931 F.3d 375, 380 (5th Cir. 2019) (intake questionnaire does not suffice as a charge where it lacks a clear and concise statement of facts alleging unlawful employment practices).

Plaintiff's EEOC intake questionnaire identifies only "retaliation" as the basis for alleged employment discrimination and merely states "I was singled out, bullied, slandered, harassed and retaliated on" by virtue of her termination April 14, 2017. *Id*. **at 24.** Plaintiff left blank all boxes and lines asking for identification of race, age and disability discrimination. *Id.* **at 23-24.** Because the intake questionnaire identifies no basis for the alleged retaliation, it cannot be considered a timely charge sufficient to exhaust Plaintiff's administrative remedies prior to filing this suit.

**B. Plaintiff's claims against Defendants Betty Bethea, Steven Morrison and Jesse Howard must be dismissed.**

Plaintiff improperly asserts Title VII, ADEA and ADA claims against Defendants Betty Bethea, Steven Morrison and Jesse Howard because each is an individual employee of Girling and none were an "employer" of Plaintiff within the meaning of Title VII, the ADEA or ADA. "Relief under Title VII is only available against an employer, not an individual supervisor or fellow employee." *See* 42 U.S.C. § 2000e(b); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) ("It is well settled in the Fifth Circuit that individual employees, even those functioning in a supervisory capacity, cannot be held personally liable under Title VII, because they are not 'employers,' as that term is defined in Title VII."). Further, this reasoning applies with equal force to the ADA and ADEA. *See, e.g., Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 247 (5th Cir. 2017) ("[T]he ADEA provides no basis for individual liability for supervisory employees."); *Williams v. Waste Mgmt.*, No. 3:16-cv-2943-L-BN, 2018 U.S. Dist. LEXIS 134541, at *10 (N.D. Tex. 2018) (holding the ADA provides no basis for individual liability for supervisory employees). Accordingly, Plaintiff's Title VII, ADEA and ADA claims against these individuals Defendants must be dismissed.

**C. Plaintiff's FMLA claim is barred by the statute of limitations.**

Plaintiff's complaint also asserts she was terminated in violation of the Family Medical

6

Leave Act ("FMLA"). However, the statute of limitations for an FMLA claim is three years for willful violations and two years for all other violations. *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 392 (5th Cir. Apr. 18, 2005), *citing* 29 U.S.C. §§ 2617(c)(2) and § 2617(c)(1). She alleges she was terminated in violation of the FMLA on April 14, 2017. **ECF Doc. 1-2 at 6.** Even assuming she alleged a willful violation, Plaintiff needed to file this suit no later than April 14, 2020, to maintain an FMLA cause of action. Because Plaintiff did not raise this claim until filing her complaint November 4, 2020, dismissal with prejudice is appropriate.

## VI. CONCLUSION

Defendants ask this Court to dismiss all of Plaintiff's claims with prejudice. Specifically, Plaintiff's failure to exhaust her administrative remedies before filing this suit makes dismissal of her Title VII, ADA and ADEA claims proper. Moreover, Plaintiff's claims against the individual Defendants Betty Bethea, Steven Morrison and Jesse Howard should be dismissed as they cannot be personally liable under Title VII, the ADA or ADEA. Finally, Plaintiff's FMLA claim are barred by limitations.

Dated: January 4, 2021

Respectfully submitted,

**OF COUNSEL:**

**JACKSON LEWIS P.C.**

Juliana C. Gaige
Texas Bar No. 24041011
S.D. Texas No. 658395
**JACKSON LEWIS P.C.**
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405
Juliana.Gaige@jacksonlewis.com

*/s/ Michael J. DePonte*
Michael J. DePonte
Texas Bar No. 24001392
S.D. Texas No. 23026
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile: (214) 520-2008
Michael.DePonte@jacksonlewis.com

**ATTORNEY FOR DEFENDANT**

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that Juliana C. Gaige, attorney for Defendants, conferred by phone with *Pro Se* Plaintiff, Deltress Haverly, on January 4, 2021, before filing this motion regarding the issues asserted herein. The parties tried but could not agree that the pleading deficiency could be cured in any part by a permissible amendment offered by the pleading party.

> */s/ Michael J. DePonte*
> Michael J. DePonte

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing, *Defendants' Motion to Dismiss Plaintiff's Claims with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, was filed on January 4, 2021 in accordance with the e-filing protocols of the United States District Court for the Southern District of Texas, Houston Division, and therefore has been served via certified mail, return receipt requested, First Class Regular U.S. Mail and EMCF to Plaintiff consistent with those protocols as noted below on January 4, 2021:

*Pro Se* Plaintiff
Deltress A. Haverly
9711 Cedar Bluff Drive
Houston, Texas 77064
Email: Deltressa7@gmail.com

> */s/ Michael J. DePonte*
> Michael J. DePonte